# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| V. | : | CRIMINAL NUMBER 17-377 |
| | : | |
| PEDRO MENDEZ- ZAVALA | : | |

## DEFENDANT'S SENTENCING MEMORANDUM

Pedro Mendez-Zavala, by and through his attorney, Elizabeth L. Toplin, Assistant Chief, Trial Unit, Federal Community Defender Office for the Eastern District of Pennsylvania, respectfully submits this memorandum in aid of mitigation at sentencing. Mr. Mendez-Zavala is a hardworking man who unlawfully reentered the United States in order to work, to provide financial stability to himself and his family. He pled guilty before this Court and is deeply remorseful for his actions which led to this case. He accepts that he will be deported to Mexico and may not reenter the United States in the future. As set forth in detail below, all of the sentencing factors enumerated in 18 U.S.C. § 3553(a), weigh in favor of a below guideline sentence pursuant to *United States v. Booker*, 543 U.S. 220 (2005), and its progeny.

Mr. Mendez-Zavala's personal history is briefly summarized in the pre-sentence report. He had a life which is similar to most people who stand before this Court awaiting sentencing for this offense. He was raised in very impoverished circumstances in Mexico, where from a very young age, he and his siblings began working to help support the family. At 15 years old, Mr. Mendez-Zavala made the perilous journey through Mexico to the United States, and sought employment. Mr. Mendez developed skills in landscaping, building and carpentry on which he

has relied while in the United States. He is confident that he can draw on his experience and skills to find employment in Mexico.

The defendant suffered sexual abuse by a close family member as a very young child. Though he suffered silently for many years, he has since revealed the abuse to his family. It is unlikely a coincidence that Mr. Mendez-Zavala has also suffered from untreated drug and alcohol abuse for many years. Though the defendant has participated in a few therapy sessions to address the years of abuse and its aftermath, he has yet to receive meaningful treatment.

The defendant is married to Janet Rodriguez and together they have one child, Pedro Mendez Jr. (5). Ms. Rodriguez and their child are United States citizens. Ms. Rodriguez remains very supportive of Mr. Mendez-Zavala, yet is well aware that he will be deported to Mexico. Even now, as he remains in custody, he is faced with the added stress of hearing how his incarceration is affecting his family's standard of living. As a result of this, he is firmly resolute to never return to this country. He realizes that he cannot return to this country without risking re-arrest and additional criminal penalties. This experience has impacted him deeply and has served the deterrent effect that his prior contact with ICE did not – in fact, it was a harsh realization to learn that the penalty he faces for re-entering this country could be far greater than any sentence he has already served. Additionally, he knows that the current political climate supports the implementation of harsher penalties for aliens with histories of prior convictions and deportations, such as him. This further reinforces the need for him to refrain from reentering the United States.

Upon return to Mexico, Mr. Mendez-Zavala intends to live with family and work. While he knows that finding and maintaining employment is more difficult in Mexico, he never intends to risk his life again making the dangerous trip through Mexico to the United States.

**I.      PROCEDURAL HISTORY AND APPLICABLE GUIDELINE RANGE**

Agents from the Bureau of Immigration and Customs Enforcement ("ICE") encountered Mr. Mendez-Zavala on February 22, 2017. He was transferred to ICE custody on June 19, 2017. On July 20, 2017, a grand jury in the Eastern District of Pennsylvania returned a one count Indictment charging Pedro Mendez-Zavala with reentry after deportation, in violation of 18 U.S.C. § 1326(a) and (b)(1).

Mr. Mendez-Zavala accepted full responsibility for his actions and promptly pled guilty before this Court on August 31, 2017. Sentencing is scheduled for December 4, 2017.

**II.     GUIDELINE RANGE & MOTION FOR DEPARTURES/
         REQUEST FOR VARIANCE**

As set out in the Presentence Investigation Report prepared by United States Probation Office Talia Santella, the recommended guideline range for this offense is 21-27 months incarceration.

The defense respectfully moves that this Court grant a departure pursuant to 4A1.3(b)(1) because the defendant's criminal history category substantially over-represents the seriousness of his prior criminal history or the likelihood that he will commit other crimes. In this case, the defendant's criminal history is Category IV. This is a result of seven (7) criminal history points that the defendant received for 3 DUI convictions, one of which occurred nearly 20 years ago, when the defendant was 18 year old. Further, these offenses are classified as misdemeanors in the state. The penalties imposed and served ranged from four days incarceration to four months incarceration. The recommended guideline that is mechanically generated in the instant case provides for exponential punishment, rather than incremental punishment, and is greater than necessary to satisfy the purposes of sentencing.

The defendant clearly suffers from an addiction to alcohol; however, given his immigration status, he is ineligible to participate in any treatment within the BOP.

Further, a departure and/or variance in this case are warranted because Mr. Mendez-Zavala's situation conforms to that which is set out in U.S.S.G. section 2L1. This guideline explains that there may be cases in which a downward departure may be appropriate on the basis of cultural assimilation. Such a departure should be considered in cases such as Mr. Mendez's where (A) the defendant formed cultural ties primarily with the United States from having resided continuously here from childhood, and (B) those ties provided the primary motivation for the Mr. Zavala's reentry and continued presence here, and (C) the recommended departure will not increase risk to the public. For these reasons, the defense respectfully moves for departure based on the above, or a variance based on the same.

### III. APPLICATION OF THE STATUTORY FACTORS TO THIS CASE

The nature and circumstances of the offense and history and characteristics of the defendant call for a sentence below the recommended sentencing guidelines. He had motivations for coming to the United States were to work and support his family. While this does not justify his decision to break the law or absolve him of guilt, it certainly places it in perspective.

A below guideline sentence will afford adequate deterrence to Mr. Mendez-Zavala and to others from returning to the United States without permission. During the near 10 months of incarceration, he has not been able to work and has not been able to support his family. A longer prison sentence will not further deter Mr. Mendez-Zavala or others from reentering the United States, more than the almost ten months of incarceration he has already served.[1]

---

[1] U.S.S.G. § 5D1.1(c) states that "[t]he court ordinarily should not impose a term of supervised release in a case win which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment." This case fits these criteria.

Likewise, a below guideline sentence will protect the public from further crimes by the defendant. Upon completion of the sentence imposed by this Court, he will be transferred to the custody of ICE where he will inevitably be removed to Mexico. Mr. Mendez-Zavala has no intention of returning to the United States. The trip through Mexico is extremely dangerous and involves taking a series of busses, cars, and sometimes riding on top of trains. The road is filled with violence from gangs and drug traffickers, including kidnappings and assaults. Mr. Mendez-Zavala does not intend to risk his life to make that journey again.

Though Mr. Mendez-Zavala would certainly benefit from drug and alcohol treatment, as well as significant mental health counseling, educational and vocational training, due to his inability to speak English, as well as the existence of the ICE detainer, Mr. Mendez-Zavala would be afforded little, if any, programming within the BOP. In this regard, a longer sentence would do little to address these needs.

While arguably the offence of reentering the United States without permission takes a toll on our country's resources, any further incarceration, takes an unnecessary further toll as the cost to incarcerate an individual in the Bureau of Prisons is approximately $80.25 per day.

Lastly, after service of the sentence imposed in the instant case, Mr. Mendez-Zavala will be transferred to the custody of the ICE where he will await removal proceedings. The time he spends in ICE custody awaiting removal will be in addition to any time spent serving the sentence imposed by Your Honor, and should be considered for imposing a sentence.

---

However, if this Court is concerned about deterrence, imposing a short period of supervised release, instead of further incarceration, will provide this Court supervision should Mr. Mendez-Zavala return to the United States during that period.

**IV.     CONCLUSION**

Mr. Mendez-Zavala has been detained since he was arrested on unrelated charges on February 22, 2017.  He will be further detained by ICE as he awaits removal proceedings.  He has accepted responsibility, is remorseful for his crime and has no intention of returning to the United States. He is well aware of the potential consequences should he return. For all of these reasons, and arguments contained herein, the defense respectfully requests a sentence below the recommended guidelines.

Respectfully submitted,

*/s/ Elizabeth L. Toplin*
ELIZABETH L. TOPLIN
Assistant Chief, Trial Unit

# CERTIFICATE OF SERVICE

      I, Elizabeth L. Toplin, Assistant Chief, Trial Unit, Federal Community Defender Office for the Eastern District of Pennsylvania, hereby certify that I have served a copy of Defendant's Sentencing Memorandum by Electronic Case Filing and/or hand delivery to Kevin L. Jayne, Assistant United States Attorney, 615 Chestnut Street, Suite 1250, Philadelphia, Pennsylvania 19106 and Talia Santella, United States Probation Officer, 600 Arch Street, Suite 2400, Philadelphia, Pennsylvania 19106.

      */s/ Elizabeth L. Toplin*
ELIZABETH L. TOPLIN
Assistant Chief, Trial Unit

DATE:      November 27, 2017