# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CRIMINAL NO. 17-377** |
| **PEDRO MENDEZ-ZAVALA** | : | |

## GOVERNMENT'S SENTENCING MEMORANDUM

Defendant Pedro Mendez-Zavala, a native and citizen of Mexico, has been removed from the United States on three occasions (1998, 2013, & 2014). Nevertheless, Mendez-Zavala returned to the United States multiple times without permission. And during his time in the United States, Mendez-Zavala's history is replete with driving-under-the-influence crimes.

Mendez-Zavala's history and characteristics demonstrates a propensity for DUI criminal conduct (which is inherently dangerous), and general lack of respect for the laws of the United States. There is simply nothing about this case that would take it outside the "heartland" for sentencing purposes. Hence the government recommends a sentence of incarceration within the advisory guideline range of 21–27 months' imprisonment**.**[1]

This sentencing hearing is scheduled for 10:30 a.m. on December 4, 2017.

## I. BACKGROUND

On August 31, 2017, Mendez-Zavala entered an open plea to one count of reentry after deportation, in violation of 8 U.S.C. § 1326 (a) and (b)(1), without a plea agreement. During his plea colloquy, the defendant admitted, *inter alia*, that (1) he was deported from the United States

---

1  The parties had no objections to the Presentence Investigation Report.

on three occasions; (2) his presence in the United States after his deportations, including when he was found in the United States on or about February 22, 2017, supports the "found in" language in §1326(a)(2); (3) he did not have consent to renter the United States; and (4) he is not a United States citizen.

II.    **SENTENCING CALCULATION**

    A.    **Statutory Maximum Sentence.**

The maximum sentence that may be imposed on Mendez-Zavala under 8 U.S.C. § 1326(a) and (b)(1)  is 10 years' imprisonment, 3 years' supervised release, $250,000 fine, and $100 special assessment.

    B.    **Sentencing Guidelines Calculation.**

Under the November 1, 2016 updated Guidelines Manual, § 2L1.2 provides for a base offense level of 8. Mendez-Zavala receives a 6-level enhancement under § 2L1.2(b)(3)(C) for his 2004 DUI conviction/sentence of 4 days' to 17 months' of imprisonment,[2] which occurred before his first order of removal. Thus his total offense level is 14. With a two-level reduction for acceptance of responsibility under § 3E1.1(a), Mendez-Zavala's total offense level is 12.  With a criminal history category of IV, Mendez-Zavala's advisory sentencing guidelines range is 21–27 months' imprisonment.

---

[2]    This 2004 conviction was a second degree misdemeanor under Pennsylvania law punishable by up to two-years' imprisonment, which makes it a "felony" under federal law. *See See* 18 U.S.C. § 3156(a)(3); 18 Pa.C.S. § 1104.

III.   **ANALYSIS**

A thorough consideration of all of the sentencing factors set forth in 18 U.S.C. § 3553(a) suggests that the most appropriate sentence is one within the advisory guideline range of 21–27 months' imprisonment.

The Supreme Court has declared:  "As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007). "These requirements mean that '[i]n the usual sentencing, . . . the judge will use the Guidelines range as the starting point in the analysis and impose a sentence within the range." *Peugh v. United States*, 133 S. Ct. 2072, 2083 (2013) (quoting *Freeman v. United States*, 131 S. Ct. 2685, 2692 (2011) (plurality opinion); ellipsis in original). "Common sense indicates that in general, this system will steer district courts to more within-Guidelines sentences." *Peugh*, 133 S. Ct. at 2084. "The federal system adopts procedural measures intended to make the Guidelines the lodestone of sentencing." *Id.*

In addition, this Court must also consider all of the sentencing considerations set forth in Section 3553(a). Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the guidelines and policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been

found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

A.   <u>**Consideration of the 3553(a) Factors.**</u>

The defendant engaged in the serious offense of illegal reentry after deportation. Further, the defendant's history supports the need for incarceration.   He has reentered the United States multiple times after being removed. He has also been convicted of multiple DUI offenses in Pennsylvania. It is clear that the recommended term of imprisonment is required "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." § 3553(a)(2). Further, the recommended sentence of incarceration affords adequate deterrence to others who would commit a similar offense, and protects the public from further crimes of the defendant, for at least as long as he remains incarcerated.  *Id.*

In addition, adherence to the recommended guideline range is the only course for assuring that the defendant's sentence is consistent with those imposed nationwide on similarly situated offenders, and thus complying with Section 3553(a)(6) and avoiding undue disparity.

At the same time, Mendez-Zavala has not set forth any persuasive argument for leniency below the advisory sentencing guidelines range. For instance, the fact that Mendez-Zavala has received relatively lenient punishments for his DUI crimes does not support a downward departure or variance.  Instead, multiple past punishments (and multiple past removals) merely demonstrate Mendez-Zavala will not be deterred from committing the same crime, again and again, without a significant deterrence. Considering the appropriate considerations of sentencing, such as the nature of the offense and the character of the offender, incarceration is needed in order to protect society from this defendant's otherwise persistent criminal conduct.

Therefore all of the appropriate considerations of sentencing favor the imposition in this case of a within-guideline sentence.  As noted, the Sentencing Guidelines present "the lodestone of sentencing," *Peugh*, 133 S. Ct. at 2084, and that guide is once again persuasive in this case.

**IV.**    **CONCLUSION**

For the above reasons, the government recommends that the Court impose a sentence within the advisory guideline range.

DATED: November 28, 2017

Respectfully submitted,

LOUIS D. LAPPEN
United States Attorney

*/s* Kevin Jayne_____
Assistant United States Attorney

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this Sentencing Memorandum has been served on the Filing User

identified below through the Electronic Case Filing (ECF) system:

Elizabeth Toplin
Assistant Federal Defender

DATED: November 28, 2017

*/s/* Kevin Jayne
Assistant United States Attorney